LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective*
*Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EVA BATEN TEM,
*on behalf of herself and FLSA Collective Plaintiffs*,

      Plaintiff,

      v.

DELUXE GREEN BO INC.,
and ANGELA [LNU],

      Defendants.

---

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, EVA BATEN TEM (hereinafter, "Plaintiff"), on behalf of herself and FLSA

Collective Plaintiffs, by and through her undersigned attorneys, hereby files this Complaint against

Defendants, DELUXE GREEN BO INC. ("Corporate Defendant"), ANGELA [LNU] ("Individual

Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§ 201 *et. seq.* ("FLSA"), that she and FLSA Collective Plaintiffs are entitled to recover from

1

Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343.

3.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiff EVA BATEN TEM is a resident of Queens County, New York.

5.  Corporate Defendant DELUXE GREEN BO INC. is a domestic business corporation organized under the laws of New York State, with a principal place of business and address for service of process located at 66 Bayard Street, New York, NY 10013.

6. Individual Defendant ANGELA [LNU] is an owner and principal of Corporate Defendant. ANGELA [LNU] exercised control over the employment terms and conditions of Plaintiff and FLSA Collective Plaintiffs. ANGELA [LNU] had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, (iv) supervise and delegate authority to supervisors of Plaintiff and FLSA Collective Plaintiffs, and (v) otherwise affect the quality of employment of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to ANGELA [LNU] regarding any of the terms of their employment, and ANGELA [LNU] would have the authority to effect any changes to the quality and terms of their employment. ANGELA [LNU] regularly visited the restaurant and directly reprimanded any employee who did not perform his or her duties correctly. ANGELA [LNU] ensured that employees effectively served customers and that the business was operating efficiently and profitably, and exercised functional control over the business and financial operations of Corporate Defendant.

7.  At all relevant times, Corporate Defendant DELUXE GREEN BO INC. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8.  At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

9.  Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt workers, including servers, cashiers, runners, delivery persons, cooks, dishwashers, and food preparers, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one-half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA

Collective Plaintiffs via first-class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

13. In or around March 2016, Plaintiff EVA BATEN TEM was hired by Defendants to work as a food preparer for Defendants' restaurant located at 66 Bayard Street, New York, NY 10013. Plaintiff was out of the job from in or around January 2017 to in or around May 2017.

14. Plaintiff worked for Defendants until in or around June 2018, when she was discharged by Defendants.

15. During her employment, Plaintiff was required to work six days per week, from 10:30 a.m. to 9:30 p.m. for each workday, without lunch break, for a total of sixty-six (66) hours per week.

16. From the start of her employment in or around March 2016 until in or around December 2016, Plaintiff was paid a fixed salary of $400 per week.

17. From in or around June 2017 until the end of her employment in or around June 2018, Plaintiff was paid a fixed salary of $450 per week.

18. Despite working over forty hours each week, Plaintiff was not paid any overtime premiums. Furthermore, there was never any agreement or understanding between the parties that Plaintiff's weekly fixed salary was intended to include overtime premiums.

19. During her employment, Plaintiff received her wages entirely in cash.

20. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate of time and one-half for hours worked in excess of forty.

21. Plaintiff retained Lee Litigation Group, PLLC to represent her and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff realleges and reavers Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

23. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

24. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

25. At all relevant times, Corporate Defendant had gross revenues in excess of $500,000.

26. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

27. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of forty, pursuant to the FLSA.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

30. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently determinable of unpaid wages, plus an equal amount as liquidated damages.

32. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

e.      An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

i.      An award of statutory penalties, and prejudgment and post-judgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees;

k.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs; and

l.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of

herself and FLSA Collective Plaintiffs, demands a trial by jury on all issues so triable as of right

by jury.

Dated: May 21, 2019                    Respectfully submitted,

                                       LEE LITIGATION GROUP, PLLC
                                       C.K. Lee (CL 4086)
                                       Anne Seelig (AS 3976)
                                       148 West 24th Street, 8th Floor
                                       New York, NY 10011
                                       Tel.: 212-465-1188
                                       Fax: 212-465-1181
                                       *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

                                       By:      */s/ C.K. Lee*
                                               C.K. Lee, Esq. (CL 4086)